# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LEAD RELAY, LLC,** | **Civil Action No.:** |
| Plaintiff, | |
| v. | |
| **WZH, LLC (f/k/a MEDIAWHIZ HOLDINGS, LLC),** | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lead Relay, LLC complains of Defendant WZH, LLC (f/k/a MediaWhiz Holdings, LLC) as follows:

## NATURE OF LAWSUIT

1.  This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

1.  Lead Relay, LLC ("Lead Relay") is a Colorado limited liability company with its principal place of business at 10437 Goosehaven Drive, Lafayette, Colorado 80026.

2.  Lead Relay is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,282,517, entitled "Real Time Communication of Purchase Requests," which issued on August 28, 2001 (the "'517 Patent") (a true and correct copy is attached as Exhibit A) and United States Patent No. 7,536,318, entitled "Methods of Communicating Purchase Requests to Vehicle Dealers," which issued on May 19, 2009 (the "'318 Patent") (a true and correct copy is attached as Exhibit B) - collectively the "Patents-in-Suit".

3. Defendant WZH, LLC (f/k/a MediaWhiz Holdings, LLC) ("MediaWhiz") is a Delaware limited liability company with the registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St Wilmington, Delaware 19801. MediaWhiz's principal place of business is at 77 Water Street, 12th Floor, New York, New York 10005.

4. MediaWhiz was founded in 2001.

5. MediaWhiz combines expertise in all forms of online marketing (Affiliate, Search, Social, Display, Email and Data Acquisition) with proprietary delivery and analytic technologies to generate leads.

6. MediaWhiz serves a broad range of leading advertisers, such as Nielsen, CarpetONE, Green Dot, Home Depot, Discover and American Laser Skincare, as well as others.

7. MediaWhiz generates millions of high-quality leads annually.

8. MediaWhiz's proprietary distribution network comprises more than 250 million permission-based email addresses.

9. MediaWhiz's proprietary distribution network comprises more than 6,000 top online publisher affiliates.

10. MediaWhiz's proprietary distribution network comprises more than 4,000 ad display network sites.

11. MediaWhiz's proprietary distribution network has the largest global static text link ad network with more than 150,000 independent sites.

12. Matomy Media Group Ltd. ("Matomy") is an Israeli corporation with its principal place of business at 6 Hanechoshet Street, Tel Aviv 69710, Israel. Matomy USA Inc. (Matomy USA) is a Delaware corporation with its principal place of business at 77 Water Street, 12th

Floor, New York, New York 10005, which is the same location as Defendant MediaWhiz's principal offices.

13. Matomy acquired MediaWhiz in January 2013.

14. Matomy is a global, performance-based company specializing in driving marketing results across a variety of media channels; affiliate marketing, display, mobile, search and virtual currency, serving 500 of the world's leading advertisers across 7,000 publishers in 85 countries.

15. Matomy operates in the United States by and through its subsidiaries MediaWhiz and Matomy USA.

16. Matomy generates revenue and profits through its subsidiaries MediaWhiz and Matomy USA.

## JURISDICTION AND VENUE

17. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

18. MediaWhiz owns, operates and conducts business through the website www.mediawhiz.com and related URLs in this judicial district and throughout the United States.

19. MediaWhiz is incorporated in Delaware and is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has established sufficient minimum contacts with the State of Delaware such that it should reasonably and fairly anticipate being brought into court in Delaware, and has purposefully reached out to residents of Delaware. This Court has personal jurisdiction over MediaWhiz.

20. Personal jurisdiction over MediaWhiz is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

## COUNT I - CLAIM FOR INFRINGEMENT OF
## UNITED STATES PATENT NO. 6,282,517

21. Lead Relay restates and incorporates by reference all foregoing paragraphs as if set forth herein.

22. MediaWhiz owns and conducts business through the website www.mediawhiz.com.

23. MediaWhiz operates the website www.mediawhiz.com.

24. MediaWhiz owns the leadROI™ lead management system.

25. MediaWhiz operates the leadROI™ lead management system.

26. MediaWhiz generates leads with information concerning a potential purchase transaction submitted by a potential buyer.

27. MediaWhiz generates leads that include consumer location information including zip code.

28. MediaWhiz generates leads that include product identification data including product or service type.

29. MediaWhiz also acquires leads from partners.

30. MediaWhiz provides online accounts for its advertiser customers.

31. MediaWhiz provides its advertiser customers access to their online accounts via one or more web pages.

32. MediaWhiz provides its advertiser customers access to their online accounts for online account management.

33. MediaWhiz provides its advertiser customers access to one or more databases through their online accounts.

4

34. MediaWhiz provides its advertiser customers access to their online accounts to control lead volume and lead filters.

35. MediaWhiz distributes leads to its customers based on advertiser profiles including geography filters.

36. MediaWhiz compares buyer-provided product or service type and zip code information to advertiser profiles.

37. MediaWhiz provides advanced targeting of leads so its advertiser customers receive only leads specific to their business.

38. MediaWhiz delivers leads to its customers via their online accounts.

39. MediaWhiz delivers leads to its advertiser customers via their online accounts, which online accounts are provided by a server that is remote to the advertiser customers.

40. MediaWhiz delivers leads to its customers via email.

41. MediaWhiz delivers leads to its customers via text messaging.

42. MediaWhiz generates revenue and profits by generating, distributing and selling leads.

43. MediaWhiz has infringed and continues to infringe at least claims 1, 2 and 16 of the '517 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including generating, distributing and selling leads by, without limitation, making, using, operating and conducting business through its online marketing and lead generation instrumentalities in a manner that infringes at least claims 1, 2 and 16 of the '517 Patent.

44. To the extent required by law, Lead Relay has complied with the provisions of 35 U.S.C. § 287 with respect to the '517 Patent.

45. MediaWhiz's direct infringement by making, using, operating and conducting business through its online marketing and lead generation instrumentalities has injured Lead Relay and Lead Relay is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## COUNT II - CLAIM FOR INFRINGEMENT OF
## UNITED STATES PATENT NO. 7,536,318

46. Lead Relay restates and incorporates by reference all foregoing paragraphs as if set forth herein.

47. MediaWhiz has infringed and continues to infringe at least claims 1 and 3 of the '318 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including generating, distributing and selling leads by, without limitation, making, using, operating and conducting business through its online marketing and lead generation instrumentalities in a manner that infringes at least claims 1 and 3 of the '318 Patent.

48. To the extent required by law, Lead Relay has complied with the provisions of 35 U.S.C. § 287 with respect to the '318 Patent.

49. MediaWhiz's direct infringement by making, using, operating and conducting business through its online marketing and lead generation instrumentalities has injured Lead Relay and Lead Relay is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lead Relay respectfully requests this Court to enter judgment against Defendant MediaWhiz and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Lead Relay and against MediaWhiz;

B.      An award of damages against MediaWhiz adequate to compensate Lead Relay for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.      A finding that this case is exceptional and an award to Lead Relay of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285; and

D.      Such other relief to which Lead Relay is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Lead Relay demands a trial by jury on all issues presented in this Complaint.

Dated: August 20, 2013                                  Respectfully submitted,

*Of Counsel:*                                           */s/ George Pazuniak*
Timothy J. Haller                                       George Pazuniak (DE Bar No. 00478)
Brian E. Haan                                           O'KELLY ERNST & BIELLI, LLC
NIRO, HALLER & NIRO                                     901 North Market Street, Suite 1000
181 West Madison Street, Suite 4600                     Wilmington, DE 19801
Chicago, IL 60602                                       Phone: (302) 478-4230
Phone: (312) 236-0733                                   Fax: (302) 295-2873
Fax: (312) 236-3137                                     gp@del-iplaw.com
haller@nshn.com
bhaan@nshn.com

Gregory P. Casimer
LATHROP & GAGE LLP
155 North Wacker Drive, Suite 3050
Chicago, IL 60606
Phone: (312) 920-3300
Fax: (312) 920-3301
gcasimer@lathropgage.com

*Attorneys for Plaintiff, Lead Relay, LLC*